IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN D. LEWIS,

        Plaintiff,                    No. 2:09-cv-1555 FCD JFM PS

    vs.

CITRUS HEIGHTS POLICE DEPT.,
et al.,                             ORDER AND

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is proceeding in this action pro se. Plaintiff seeks to proceed in forma pauperis. 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

        Plaintiff sues the Citrus Heights Police Department and two police officers for their failure to pursue theft charges against certain private citizens for their alleged theft of plaintiff's vehicles and personal belongings.

        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5   490 U.S. at 327.

6   A complaint, or portion thereof, should only be dismissed for failure to state a
7   claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
8   of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
9   Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11  complaint under this standard, the court must accept as true the allegations of the complaint in
12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15  The Civil Rights Act under which this action was filed provides as follows:

16  Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
17  deprivation of any rights, privileges, or immunities secured by the
    Constitution . . . shall be liable to the party injured in an action at
18  law, suit in equity, or other proper proceeding for redress.

19  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
20  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
21  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
23  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
24  omits to perform an act which he is legally required to do that causes the deprivation of which
25  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
26  /////

1	Moreover, supervisory personnel are generally not liable under § 1983 for the
2	actions of their employees under a theory of respondeat superior and, therefore, when a named
3	defendant holds a supervisorial position, the causal link between him and the claimed
4	constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
5	(9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
6	941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
7	in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
8	Cir. 1982).

9	Plaintiff has failed to state cognizable claims against defendant police officers.
10	The actions which these defendants took or failed to take do not rise to the level of violating
11	plaintiff's constitutional rights.  The only allegations plaintiff has made against these officers
12	concern violations of state laws.  The police have no affirmative obligation to investigate a crime
13	in a particular way or to protect one citizen from another even when one citizen deprives the
14	other of liberty or property.  DeShaney v. Winnebago County, 489 U.S. 189, 195-96, 109 S.Ct.
15	998, 1002-03 (1989).  None of the alleged violations implicate plaintiff's civil rights.  Plaintiff
16	does not have a constitutional right to have a theft or criminal incident report taken; nor does he
17	have a right to have persons arrested or investigated.

18	Moreover, the persons plaintiff alleges took his property are private individuals
19	who did not act under color of state law.  However, even if one of them allegedly acted under
20	color of state law, the United States Supreme Court has held that "an unauthorized intentional
21	deprivation of property by a state employee does not constitute a violation of the procedural
22	requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful
23	postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).
24	Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional
25	deprivations constitute actionable violations of the Due Process Clause.  An authorized
26	deprivation is one carried out pursuant to established state procedures, regulations, or statutes.

Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff has not alleged any facts which suggest that the deprivation was authorized.  The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Plaintiff must first attempt to seek redress in the state system before he can sue in federal court on a claim that the state deprived him of property without due process of the law.  Thus, this claim must also be dismissed as frivolous.  See 28 U.S.C. § 1915(d).

Because plaintiff cannot remedy these defects by amending his complaint, the court will recommend dismissal of the complaint without granting leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis is granted; and

IT IS RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 16, 2009.

UNITED STATES MAGISTRATE JUDGE

001; lewis.56